OPINION of the Court, by 1
Judge Owsley. J ¾
— On , , .. . 1 - J ¾ toe 11th ot April 1780, Ihomas Stephens, who has since deceased, held the possession of four treasury warrants, amounting in the whole to 1650 acres, two of , . ’ . , ° ' r ■ '■?»> . , . which were in the name of said Ihomas; a third, which was for the quantity of 650 acres, was in the name of George Stephens, a brother to the said Thomas ; a fourth in the name of a certain Richard Longes, for 250 acres ; at which time he made an agreement with James Logan to locate said warrants, and accordingly delivered the warrants to him -for that purpose j that the warrants have been located and carried into grant, in the names of the seyeral persons respectively to whom the warrants issued ; that said Logan transferred his interest in said contract,and delivered the warrants to Ezekiel Kennedy, who caused the same to be located and carried into grant, and for the purpose of obtaining a conveyance for the land located and patented in the name of George Stephens, exhibited his bill in the general court; in which he charges that Thomas Stephens was possessed of the warrants aforesaid, and made the contract with Logan to locate the same ; that Logan was to have tot h:s v rvices and eiipences in locating, &c. one third of the land ; that Logan afterwards transferred to him, the complainant, his interest m the con-ti act, and delivered him the warrants to locate ; that he accordingly fulfilled the contract on the part of Logan, and entered, surveye 1 and obtained a patent for the §50 acres, ia the name of George Stephens, on Rocky *608 Run, in Mercer cour.fy. He also charges in his hill, that he is informed and believes that the warrants were purchased and paid for by said Thomas Stephens, and that George Stephens has since deceased, leaving Thomas Stephens his heir at haw, against whom and others this suit was prosecuted. His bill prays for a conveyance for one third part of the 650 acres surveyed and patented in Mercer county, on Rocky Run, in the name of George Stephens. The defendants being non-residents, an order of publication was had, the bill taken for confessed, and a decree pronounced according to the prayer of the bill ; to which decree the defendants in that court have prosecuted this writ of error.
The bill having been taken as confessed, it becomes necessary to inquire whether admitting the allegations of the bill to be true, the complainant in that court has shewn an equitable right to the one third part of the 650 acres ot land surveyed and patented in the name oi George Stephens. For the heir at law of George Stephens having the legal title to the land, cannot be divested thereof, unless the complainant shews himself equitably entitled. From the allegations in the bill, it seems the warrant under which the land in question was appropriated belonged to George Stephens ; and the complainant, to shew his right to the one third, charges in his bill, that “ he is informed and believes it true, that Thomas Stephens, through whose contract with Logan he claims the land, purchased and paid for the same ” This is the only allegation m the bill, which in the remotest degree, shews any contract or sale of tha warrant or land by George Stephens ; and it is conceived this allegation, if true, will not warrant the decree in favor of the complainant. It only proves that the complainant was informed and believed Thomas Stephens, deceased, purchased and paid for the warrants. His being so informed vested no right either legal or equitable : he may have been so informed, and yet no sale or purchase have been made. Such an allegation cannot iorm sufficient ground for a court of equity to decree relief. To authorise a decree for the relief prayed, upon the bill being taken for confessed the complainant should have alleged such a contract and purchase by Thomas Stephens of the warrants, as would vest ia him an equity to the one third part *609 thereof. But the custom of the country was relied on m argument, as giving a right to the relief praved. To this need only be answered, that the complainant in his bal relies on a contract for the one third, and the bill contains no statement of the existence of any such custom, nor can we judicially say any such exists.
The decree of the circuit court is therefore erroneous, and must be reversed with costs ; the cause remanded to that court for new proceedings to be had* Ike, not inconsistent with the foregoing opinion.